**FILED**
**AUGUST 21, 2014**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 31722-6-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| LUCAS J. MERRILL, | ) | |
| | ) | |
| Defendant. | ) | |

LAWRENCE-BERREY, J. — This appeal of attorney sanctions is before us again after remand. In 2011, the trial court sanctioned defense attorney Matthew Harget for twice contacting crime victims without a victim/witness advocate present. The victims of Mr. Harget's client exercised their rights under RCW 7.69.030(10) to have an advocate present at any prosecution or defense interview. Mr. Harget appealed and this court remanded for the trial court to determine whether Mr. Harget's contact fell under the safe harbor provisions of RCW 7.69.030(10). This court also determined that the court failed to make a finding on bad faith, and this finding was needed before sanctions could be imposed. On remand in 2013, the trial court found that Mr. Harget's first contact with the Gertlars was not made in bad faith. However, the court found that Mr. Harget's second

contact was made in bad faith because he contacted the Gertlars despite knowing of their opposition. The court upheld the sanctions. Mr. Harget appeals. He challenges the trial court's finding of bad faith. We affirm.

## FACTS

Mr. Harget is an attorney who represented Lucas Merrill.[1] Mr. Merrill was charged with assaulting members of the Gertlar family. The Gertlar family signed a "'Notice of Victim's Intent to Rely on RCW 7.69.030(10).'" *State v. Merrill*, noted at 171 Wn. App. 1028, 2012 WL 5458414 at *1. Through the document, the Gertlars exercised their right to have a victim's advocate present at any prosecution or defense interviews and demanded that any contact, interview, or correspondence be arranged through the victim/witness office of the Spokane County Prosecutor's Office.

Mr. Harget and the prosecutor assigned to the case, Stephen Garvin, began negotiating a plea agreement. A pretrial hearing was scheduled for April 8, 2011, and trial was scheduled for April 18. As of April 7, the parties had not come to an agreement on a key provision. Mr. Harget did not know whether the Gertlars supported a plea agreement. Furthermore, Mr. Harget believed that no more continuances would be granted.

---

[1] The facts are taken from *State v. Merrill*, noted at 171 Wn. App. 1028, 2012 WL

On April 7, Mr. Harget called Karen and Jay Gertlar to talk to them about the plea agreement. According to Mr. Harget, he introduced himself as Mr. Merrill's attorney, and they discussed the plea agreement for several minutes.

Mr. Harget then reported the discussion to Mr. Garvin. Mr. Garvin responded that he would talk to his supervisors about sanctions for Mr. Harget's contact.

On May 13, Mr. Harget called the Gertlars again. This time Mr. Harget made contact so he could prepare his defense on the State's motion for sanctions. The State moved to sanction Mr. Harget for "willful discovery misconduct" and for violating RCW 7.69.030(10) with the April 7, 2011 telephone call to the Gertlars.

Mr. Harget filed several declarations in response and explained that he did not believe that the notice filed by the Gertlars limited his ability to speak to victims because defense counsel has a right to speak to witnesses and that the witnesses do not belong to one side or the other. He also said that he thought Mr. Garvin would speak to the Gertlars about the plea agreement. However, he did not know whether Mr. Garvin had actually spoken to them or whether they supported the plea agreement. Mr. Harget said that based on some e-mails, he did not know whether the State intended to move forward with the plea or go to trial.

---

5458414 (*Merrill* I).

3

The State filed the declaration of victim/witness advocate, Lori Sheeley. Ms. Sheeley recounted several conversations that she had with Ms. Gertlar about the Gertlars' conversation with Mr. Harget. Ms. Gertlar said that she did not know that Mr. Harget was Mr. Merrill's attorney, that she would not have spoken to him had she known who he was, and that Mr. Harget pestered her until her husband finally hung up on him. Mr. Harget disputes this.

The trial court granted the motion for sanctions, relying on both its inherent authority to control litigation and chapter 7.69 RCW. Essentially, the court found that Mr. Harget failed to recognize the Gertlars' rights by engaging in the type of conduct that RCW 7.69.030(10) prohibits. And that if Mr. Harget was unsure of the Gertlars' position after the first contact, he became aware of their position and was not justified in contacting them the second time without the victim's advocate. The court ordered Mr. Harget to pay $100 to charity and participate in a one-hour ethics class about victim's rights.

Mr. Harget appealed the sanctions. *Merrill*, 2012 WL 5458414. This court concluded that the first and second contact were both interviews that fell within the provisions of RCW 7.69.030(10). *Merrill*, 2012 WL 5458414 at *3. However, this court determined that further proceedings were necessary in the case because the trial court

4

failed to consider whether Mr. Harget relied on the "safe harbor" provisions of RCW 7.69.030(10) when contacting the Gertlars. *Merrill*, 2012 WL 5458414 at *4. The safe harbor provision as argued by Mr. Harget allowed contact with the victims if the presence of the advocate is impractical and results in delay. *Id.* at *3. This court also found that the trial court was required to make a finding of bad faith before imposing the sanction and remanded the issues to the trial court. *Id.* at *4.

On remand, the trial court found that Mr. Harget's first contact with the Gertlars was not in bad faith. The court considered the exigencies of the situation, the impending pretrial conference, the court's unwillingness to grant any further continuances, and the lack of responsiveness from the prosecutor.

However, for the second contact, the court found that Mr. Harget acted in bad faith when he chose to purposefully telephone the Gertlars in an attempt to defend himself from the threat of sanctions for the unwanted prior contact. The court also found that this second contact was made with knowledge that the Gertlars complained to the State. The court continued, "It is difficult to accept by any stretch of the imagination that after learning that the Gertlars did not want contact with him without the victim advocate and that the state was seeking sanctions for his previous contact, that Mr. Harget could possibly believe that it would be acceptable to ignore the statute and its requirements."

5

Clerk's Papers at 43. The court also determined that the second contact was not excused under the safe harbor provision of RCW 7.69.030.

The court concluded that Mr. Harget's contact of the Gertlars, despite knowing their wishes and rights, was inappropriate and improper. This amounted to bad faith. The court ordered the sanctions to remain in effect. Mr. Harget appeals.

## ANALYSIS

We review a trial court's decision to impose sanctions for an abuse of discretion. *State v. Gassman*, 175 Wn.2d 208, 210, 283 P.3d 1113 (2012). This court defers to the trier of fact for purposes of resolving conflicting testimony and evaluating the persuasiveness of the evidence and credibility of the witnesses. *Boeing Co. v. Heidy*, 147 Wn.2d 78, 87, 51 P.3d 793 (2002). There is a presumption in favor of the trial court's findings, and the party claiming error has the burden of showing that a finding of fact is not supported by substantial evidence. *Fisher Props., Inc. v. Arden–Mayfair, Inc.*, 115 Wn.2d 364, 369, 798 P.2d 799 (1990).

A trial court has the inherent authority to sanction lawyers for improper conduct during the course of litigation, but that generally requires a showing of "bad faith." *State v. S.H.*, 102 Wn. App. 468, 475, 8 P.3d 1058 (2000). The court is encouraged to make an explicit finding of bad faith before imposing such sanctions. *Gassman*, 175 Wn.2d at

6

211. "Sanctions may be appropriate if an act affects 'the integrity of the court and, [if] left unchecked, would encourage future abuses.'" *S.H.*, 102 Wn. App. at 475 (quoting *Gonzales v. Surgidev Corp.*, 120 N.M. 151, 157, 899 P.2d 594 (1995)).

When invoked, violent crime victims have the right to have a victim advocate present during any interview by defense or prosecution. RCW 7.69.030(10). However, the right given by the statute "applies if practical and if the presence of the crime victim advocate or support person does not cause any unnecessary delay in the investigation or prosecution of the case." *Id.*

Here, the trial court did not abuse its discretion in sanctioning Mr. Harget for his second contact with the Gertlars. The trial court found that Mr. Harget's second contact was made in bad faith. In support of this finding, the court noted that Mr. Harget contacted the Gertlars a second time even though he knew that contact was not allowed without the victim advocate and that the State was seeking sanctions on the first contact. The court acknowledged that Mr. Harget's position was that he had the right to contact witnesses and determine for himself if they wanted to speak to him without an advocate. However, the court noted that there was no indication that he ever asked this question to the Gertlars.

Mr. Harget contends that the trial court ignored his arguments, particularly that he was acting under the advice of his supervisors and that he thought that contact was allowed to address his defense of the pending motion. He contends that his reasonable reliance on his supervisors and his belief shows that he was not acting in bad faith.

We will not reverse the trial court's order based on this contention. Mr. Harget presented these arguments to the trial court. The trial court rejected Mr. Harget's reliance on his belief that he could contact the witnesses directly. While the trial court did not expressly reject Mr. Harget's reliance on his supervisor's advice, this is not enough to overturn the ruling of the trial court. The trial court reviewed the evidence and made credibility determinations. The court found that Mr. Harget knowingly contacted the victims despite the pending motion for sanctions for the very same conduct. The finding of bad faith is supported by substantial evidence.

Mr. Harget argues that his contact with the Gertlars the second time was not in bad faith because of his and his office's interpretation that RCW 7.69.030 does not extend to interviews with regard to attorney sanctions. He impliedly argues that his interpretation is a reasonable interpretation. We are not free to decide anew whether RCW 7.69.030 applies to contact with crime victims to gain information to defend oneself from charges of misconduct. In *Merrill* I, this court held that such conduct violates the statute. *See*

2012 WL 5458414. The law of the case doctrine binds us to this ruling. The law of the case doctrine provides that an appellate holding enunciating a principle of law must be followed in subsequent stages of the same litigation. *Roberson v. Perez*, 156 Wn.2d 33, 41, 123 P.3d 844 (2005). Under the law of the case doctrine, an appellate court will generally refuse to consider issues that were decided in a prior appeal. *Folsom v. County of Spokane*, 111 Wn.2d 256, 263-64, 759 P.2d 1196 (1988). In turn, the trial court found Mr. Harget's second contact to be in bad faith. We are bound by this finding of fact. *Thorndike v. Hesperian Orchards, Inc.*, 54 Wn.2d 570, 343 P.2d 183 (1959); *Burien Motors, Inc. v. Balch*, 9 Wn. App. 573, 576, 513 P.2d 582 (1973). This finding of bad faith necessarily implies that Mr. Harget's interpretation of the statute is not reasonable.

The trial court did not abuse its discretion when it imposed sanctions on Mr. Harget.

No. 31722-6-III
*State v. Merrill*

We affirm.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Lawrence-Berrey, J.

WE CONCUR:

_____    _____
Brown, A.C.J.                                 Fearing, J.

10