IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 81831-7-I |
| | ) | |
| Appellant, | ) | DIVISION ONE |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| JAMES HENRY SHRIVER, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

HAZELRIGG, J. — The trial court entered sanctions against the attorneys of record for both parties in this case after the court was provided a plea statement listing incorrect elements for the criminal charge to which James Shriver was set to plead. The court discovered the mistake before beginning the plea colloquy and moved the matter to the end of the docket. Neither party was admonished, nor did the court indicate that the error caused any disruption to the docket as a whole. Shriver's case was recalled less than an hour later; the plea was entered and sentence imposed without further issue. Later that day, and off the record, the trial court ordered monetary sanctions against both attorneys, but offered no reasoning and made no findings upon which to base the sanctions. We reverse.

FACTS

James Shriver's criminal case was set for hearing on December 20, 2018 for a change of plea on a routine docket in Cowlitz County Superior Court. The

State filed an amended information charging Shriver with attempted possession of a controlled substance. The deputy prosecutor appearing at this hearing on behalf of the State was not the attorney of record on the case. The defense attorney filed a Statement of Defendant on Plea of Guilty. The plea form was complete, but incorrectly listed the elements for possession of a controlled substance, a class C felony, as opposed to attempted possession of a controlled substance, an unranked class C felony.[1]

When the case was called at 9:18 a.m., the judge noticed the error and alerted counsel. He then set the case to the end of the docket to allow the parties to correct the elements on the guilty plea to conform to the amended information. This portion of Shriver's hearing lasted two minutes. The case was recalled at 10:08 a.m. Entry of plea and sentencing were conducted without further incident and the hearing was concluded by 10:14 a.m. The transcript indicates that a corrections officer called the case both times it was before the court, but it is not clear whether Shriver was in custody at the time of the hearing. Neither is there any commentary from counsel or the court regarding any disruption of other court proceedings based on the need to recall the case. Nowhere in the combined eight minutes during which Shriver's case was heard is there a reference to monetary sanctions against the attorneys.

That afternoon, the judge who had heard Shriver's plea and sentencing filed an "ORDER ASSESSING TERMS" which imposed a $50 sanction on both Shriver's defense attorney and the attorney of record for the State on the case (as

---

[1] RCW 69.50.403(3); See RCW 69.50.407 for discussion of anticipatory offenses under the Uniform Controlled Substances Act (chap. 69.50, RCW).

opposed to the deputy prosecutor who had handled the hearing). The order imposing sanctions offers no reasoning or findings. The State appeals on behalf of both parties, arguing the sanctions were improper. The only argument received by this court is the opening brief.

## ANALYSIS

This court reviews imposition of sanctions for abuse of discretion. State v. Gassman, 175 Wn.2d 208, 210, 283 P.3d 1113 (2012). "A trial court has the inherent authority to sanction lawyers for improper conduct during the course of litigation, but that generally requires a showing of 'bad faith.'" State v. Merrill, 183 Wn. App. 749, 755, 335 P.3d 444 (2014) (quoting State v. S.H., 102 Wn. App. 468, 475, 8 P.3d 1058 (2000)). Courts "have the inherent authority to control and manage their calendars, proceedings, and parties." Gassman, 175 Wn.2d at 211. Additionally, various court rules provide authority for the issuance of sanctions in other contexts. Id. at 210 (citing CR 11, 26(g); CrR 4.7(h)(7)). When a court's inherent powers are concerned, "we are at liberty to set the boundaries of the exercise of that power." Weiss v. Bruno, 83 Wn.2d 911, 914, 523 P.2d 915 (1974). However, a sanction imposed under a trial court's inherent authority must be predicated on a finding of conduct that is at least tantamount to bad faith. Gassman, 175 Wn.2d at 211. This finding by the trial court may either be expressly made or inferred from an examination of the record. Id.

The defendant must be apprised of and understand the essential elements of the offense to which they are pleading guilty. See State v. Holsworth, 93 Wn.2d 148, 153, 607 P.2d 845 (1980). The record reflects Shriver was properly provided,

- 3 -

and understood, these essential elements. The plea colloquy included an oral advisement of the elements of the crime and the record suggests that they were ultimately included on the corrected plea form. Shriver affirmatively acknowledged that he understood them. All indications from the record are that the plea itself was constitutionally sufficient and the case was resolved. The court made no express finding of bad faith. Nor was there any discussion of sanctions by the court or expression of concerns with the conduct of the attorneys. The record is devoid of any basis from which to infer conduct tantamount to bad faith, much less a clear showing of such, by either attorney.

We recognize confusion may have arisen as the amended information had just been filed that morning. While there was clearly an agreed resolution to Shriver's case, including a sentencing recommendation joined by both parties, it is reasonable to consider that a clerical or scrivener's error could arise when amending charges for entry of plea. Here, a 48 minute delay of the proceedings, which presumably resumed after the trial court heard other matters on the docket, is not such that it warrants the imposition of monetary sanctions or supports an inference of bad faith. Further, finding any such inference against the deputy prosecutor of record is impossible as she was not even present for the hearing in question.

We reverse and strike the order of sanctions against both attorneys.

Reversed.

WE CONCUR:

Andrus, A.C.J.

Appelwick, J.