IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In re the Marriage of: | ) | No. 30415-9-III |
| | ) | |
| KELLY COVEY, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| and | ) | UNPUBLISHED OPINION |
| | ) | |
| NEHEMIAH COVEY, | ) | |
| | ) | |
| Appellant. | ) | |

KULIK, J. — Nehemiah Covey sought to challenge an investigation completed by a guardian ad litem (GAL) who was assigned to Mr. Covey's dissolution proceeding. As part of his challenge, Mr. Covey submitted an e-mail from his attorney that discussed the GAL's reputation. The Spokane County Superior Court sanctioned Nehemiah Covey and his attorney for filing the e-mail. The court concluded that the e-mail did not help the court address any meaningful issues and was offensive as well as inadmissible. Mr. Covey and his attorney appeal the sanctions.

We deny Mr. Covey's request to void the findings in the parenting plan to which he stipulated. We affirm the trial court except as to sanctions.

We review imposition of sanctions for an abuse of discretion. The threshold for ordering a sanction is high. We conclude that the trial court improperly imposed sanctions and reverse that order.

## FACTS

Kelly Covey and Nehemiah Covey filed for dissolution. Spokane County Superior Court appointed Karen Vaché as the GAL for the Coveys' four children.

The court granted a restraining order against Mr. Covey and his visitation rights were restricted to supervised visits. The order also stated that visits could occur in a less formal setting once Mr. Covey refrained from influencing the children and upon the GAL's recommendation. Mr. Covey repeatedly requested that the GAL review the case to determine if he had met the criteria for unsupervised visits. However, the visitation restrictions were not reexamined or lifted.

The GAL conducted an investigation to recommend residential placement of the children. In her investigation report, the GAL stated that she met with Mr. Covey and Ms. Covey, communicated with each of them by telephone and reviewed e-mails. In addition, the GAL stated that she reviewed questionnaires completed by Ms. Covey's references, but did not receive back any of the questionnaires that she sent to Mr. Covey's references. The GAL concluded that Ms. Covey was the more emotionally available and

2

consistent parent and that the children should reside primarily with her. The GAL also recommended that there be a finding of domestic violence, a finding of neglect of parenting functions, and a finding of abusive use of conflict against Mr. Covey.

Mr. Covey filed a declaration alleging that the GAL failed to contact his witnesses, and that the GAL's report lacked information and was materially false. In support, Mr. Covey attached declarations from six witnesses who contended that they had never been contacted by the GAL. One witness contended that he received and sent back the questionnaire to the GAL. Mr. Covey contended that this declaration contradicted the GAL's report indicating that she received no questionnaires from Mr. Covey's witnesses.

Of significance to this appeal, Mr. Covey also attached an e-mail from his prior attorney who stated that a family law colleague did not have a good impression of the GAL. The colleague formed her opinion of the GAL after the colleague walked in on a hearing and saw the GAL give an oral report. The colleague considered the report to be sloppy and deficient. Mr. Covey stated that he submitted this e-mail about the GAL because it affected his state of mind toward the GAL. Mr. Covey also attached e-mails that showed Mr. Covey's and his attorney's unsuccessful attempts to contact the GAL.

The GAL filed a motion requesting removal of the e-mails from the record and asking the court to impose sanctions against Mr. Covey for filing e-mails that defamed

her reputation. The GAL contended that the e-mails were hearsay and had no evidentiary value. She cited the Rules of Professional Conduct (RPC) for lawyers as support for and as evidence of Mr. Covey's misconduct.

Mr. Covey responded that there could be no defamation in a court proceeding and that the e-mails were submitted to show his state of mind. He also contended that the RPCs do not create a cause of action. Accompanying his response, Mr. Covey added a motion to disqualify the GAL. He contended that the GAL failed to investigate. He attached an eight-page detailed list of all of the errors contained in the report and affidavits from witnesses who refuted specific parts of the report.

A hearing was held on the motion to dismiss the GAL. The trial court denied Mr. Covey's request to dismiss the GAL or, alternatively, order the GAL to complete her investigation. The trial court determined that the GAL was not required to investigate everyone or irrelevant issues, and that issues pertaining to the GAL's investigation were better addressed as impeachment evidence at trial.

Before trial commenced, Mr. Covey and Ms. Covey agreed to a parenting plan. The agreement contained a finding that Mr. Covey had a history of domestic violence. The agreement also included findings that Mr. Covey's conduct may have an adverse effect on the children, that his abusive use of conflict created a serious danger to the

4

children's psychological development, and that he neglected or failed to perform parenting functions. The agreement placed a restriction on Mr. Covey's decision-making authority, but allowed the restriction to be modified in six months if Mr. Covey complied with the parenting plan. The agreement gave the GAL the authority to determine Mr. Covey's compliance by reviewing whether he engaged in disparaging remarks or actions that harmed the children or their relationship with their mother.

The trial court held a hearing on the GAL's motion for sanctions. The trial court focused on the e-mail regarding the GAL's reputation. The court found that the e-mail did not "in any way help the Court address any meaningful issues and is offensive as well as inadmissible." Clerk's Papers (CP) at 80. The court concluded that under the Spokane County Superior Court terms policy, an award of terms is the appropriate remedy for submitting inadmissible evidence and ordered Mr. Covey to pay the GAL's attorney fees of $750. The court also found that there were violations of four RPCs for lawyers, and ordered Mr. Covey's attorney to pay $200 to the GAL.

The trial court denied Mr. Covey's motion for reconsideration. The court did not accept Mr. Covey's argument that the e-mail was submitted to show how the GAL's actions were perceived by Mr. Covey. The court found that even if the e-mail was not considered hearsay, filing the e-mail would not be appropriate if the intent was to harass

5

or embarrass another party, and such action may be sanctioned under CR 11. The court also found that the supplement of school records that was attached to the motion for reconsideration was another example of the bad faith and frivolous filings by Mr. Covey and his attorney.

Mr. Covey and his attorney appeal the court's order imposing sanctions. Mr. Covey also requests that the GAL be removed from the case and to void any findings and restrictions against him in the parenting plan.[1]

## ANALYSIS

*Sanctions Against Mr. Covey and His Attorney.* An order of sanctions is reviewed for an abuse of discretion. *Loc Thien Truong v. Allstate Prop. & Cas. Ins. Co.*, 151 Wn. App. 195, 207, 211 P.3d 430 (2009). "A trial court abuses its discretion when its decision or order is manifestly unreasonable, exercised on untenable grounds, or exercised for untenable reasons." *Noble v. Safe Harbor Family Pres. Trust*, 167 Wn.2d 11, 17, 216 P.3d 1007 (2009). Errors of law constitute an untenable reason. *Id.*

A trial court may impose sanctions according to court rules or under its own inherent equitable powers. *State v. Gassman*, 175 Wn.2d 208, 210-11, 283 P.3d 1113 (2012). Here, we evaluate the various authorities the trial court used for imposing

---

[1] This issue is moot as the GAL is no longer involved in the case.

sanctions on Mr. Covey and his attorney. And, under each authority, we determine that the trial court abused its discretion by imposing sanctions.

*RPCs.* "The RPCs cannot be proper grounds for the trial court to base a fee award because a 'breach of an ethics rule provides only a public, *e.g.*, disciplinary, remedy and not a private remedy.'" *Just Dirt, Inc. v. Knight Excavating, Inc.*, 138 Wn. App. 409, 417, 157 P.3d 431 (2007) (quoting *Hizey v. Carpenter*, 119 Wn.2d 251, 259, 830 P.2d 646 (1992)). The RPCs are not designed to be a basis for civil liability but, instead, are designed to provide guidance to lawyers and structure for regulating conduct through disciplinary agencies. RPC, Scope [20].

The trial court found that violations of the RPCs occurred and cited several of the RPCs in its order for sanctions. However, the RPCs cannot be used as grounds for civil sanctions. Thus, the trial court abused its discretion by relying on the RPCs as a basis for sanctioning Mr. Covey and his attorney.

*CR 11.* CR 11(a) discourages filings that are not "well grounded in fact [and] warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law [and that are] not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Accordingly, CR 11 permits sanctions against anyone who signs a document that is either

7

(1) not well grounded in fact or warranted by law, or (2) interposed for an improper purpose. *Eugster v. City of Spokane*, 110 Wn. App. 212, 231, 39 P.3d 380 (2002). "If a party engages in such conduct, 'the court . . . may impose . . . an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or legal memorandum, including a reasonable attorney fee.'" *In re Kelly & Moesslang*, 170 Wn. App. 722, 740, 287 P.3d 12 (2012) (quoting CR 11(a)), *review denied*, 176 Wn.2d 1018, 297 P.3d 706 (2013).

A complaint must lack a factual or legal basis before CR 11 sanctions can be imposed. *Bryant v. Joseph Tree, Inc.*, 119 Wn.2d 210, 220, 829 P.2d 1099 (1992). To determine if the imposition of sanctions was warranted, the court applies an objective standard, meaning "whether a reasonable attorney in a like circumstance could believe his or her actions to be factually and legally justified." *Skimming v. Boxer*, 119 Wn. App. 748, 754, 82 P.3d 707 (2004).

The threshold for the imposition of CR 11 sanctions is high. *Skimming*, 119 Wn. App. at 755. "Because CR 11 sanctions have a potential chilling effect, the trial court should impose sanctions only when it is patently clear that a claim has absolutely no

chance of success. The fact that a complaint does not prevail on its merits is not enough."
*Loc Thien Truong*, 151 Wn. App. at 208.

A GAL investigating parties to a parenting plan has an obligation to (1) contact all parties, (2) treat all parties with respect, (3) timely perform a parenting plan investigation, and (4) maintain independence, objectivity, and the appearance of fairness. *In re Marriage of Bobbitt*, 135 Wn. App. 8, 28, 144 P.3d 306 (2006). A trial court may order a GAL to conduct a proper investigation that complies with the superior court rules for GALs. *See id.* at 27.

The issue here is whether Mr. Covey should be sanctioned for submitting the e-mail regarding the GAL's reputation. For the first time in its decision denying Mr. Covey's motion for reconsideration, the trial court considered sanctioning Mr. Covey under CR 11. The trial court implied that Mr. Covey filed the e-mail for an improper purpose, which was to harass or embarrass another party. The trial court believed that Mr. Covey attached the e-mail to his declaration to show that the GAL acted inappropriately in another case and, therefore, served no legitimate purpose for the Covey case. But, Mr. Covey insisted that the e-mail was to show his state of mind as to why he believed the GAL was acting inappropriately in her investigation.

9

We conclude that the trial court abused its discretion by issuing CR 11 sanctions on Mr. Covey and his attorney for the e-mail attachment. When taken in context with the other documents that accompanied the e-mail, there is no indication that the e-mail was filed for an improper purpose. The purpose of the e-mail and declaration of witnesses was to support Mr. Covey's legally grounded declaration that challenged the GAL's report and alleged lack of investigation. It is not patently clear that Mr. Covey had absolutely no chance of success in claiming that he attached the e-mail to show his state of mind. Taking into account the high threshold needed for imposing CR 11 sanctions, the court's decision to impose sanctions under CR 11 was an abuse of discretion. The record does not support the conclusion that Mr. Covey submitted the e-mail for an improper purpose.

*Local Court Rule and Inherent Power of the Court.* The Spokane County Superior Court terms policy allows the court to impose monetary sanctions for inadmissible portions of documents. Spokane County Superior Court Terms Policy, http://www.spokanecounty.org/data/superiorcourt/familycourt/familylaw/pdf/Terms%20Policy% 204%202011.pdf. However, under this policy, "[t]erms normally will not be assessed for good faith assertions of admissibility of evidence." *Id.*

10

Similarly, sanctions in the form of attorney fees may be awarded under a court's inherent power if the court makes a finding of bad faith to support the imposition of sanctions. *Gassman*, 175 Wn.2d at 211. If the court fails to make an express finding of bad faith, "appellate courts have upheld sanctions where an examination of the record establishes that the court found some conduct equivalent to bad faith." *Id.*

A hearsay statement is a statement made out of court and used as evidence to prove the truth of the matter asserted. ER 801(c). Hearsay is not admissible evidence unless an exception applies. ER 802. Hearsay does not include a statement that shows the declarant's then-existing state of mind, such as mental feeling. ER 803(a)(3). On the other hand, "statements discussing the conduct of another person that may have created the declarant's state of mind are inadmissible under ER 803(a)(3)." *State v. Sublett*, 156 Wn. App. 160, 199, 231 P.3d 231 (2010), *aff'd*, 176 Wn.2d 58, 292 P.3d 715 (2012).

Here, the trial court did not make a finding of bad faith in its original decision to impose sanctions. However, upon reconsideration, the court stated that Mr. Covey's motion for reconsideration and additional supporting documents was "another example of [Mr. Covey's] bad faith and frivolous filings." CP at 154. We imply from this statement that the court found Mr. Covey's previous filings were made in bad faith.

Despite this implied finding, there is no indication that Mr. Covey acted in bad faith by filing the declaration or e-mail. Admittedly, while the e-mail regarding the GAL's reputation may not be admissible under the state of mind exception, there is no indication that it was attached for an improper purpose. Mr. Covey stated in his declaration that he believed that the GAL's report lacked information and was not truthful. He contended that he used the e-mail to show how he developed his state of mind.[2] Had this been the only evidence in support of Mr. Covey's declaration, the trial court's finding of bad faith may have had some merit. However, when taken in context with the other documents attached to the declaration, this e-mail does not indicate a bad faith attempt to harass or embarrass the GAL but, instead, an attempt to obtain a complete investigation. Mr. Covey's challenge to the GAL's report was reasonable because of the effect it had on the future parenting plan. Thus, because there is no indication that the e-mail was submitted in bad faith, the trial court abused its discretion by imposing sanctions.

---

[2] Mr. Covey argues on appeal that the e-mail was admissible under ER 608 to challenge the GAL's credibility. The record does not indicate that Mr. Covey presented this argument to the trial court. Under RAP 2.5, Mr. Covey may raise the argument for the first time on appeal if it is a manifest error affecting a constitutional right. He fails to argue how the sanction affects a constitutional right and, therefore, this issue will not be reviewed on appeal.

Mr. Covey asks that we remove the restrictions and findings against him in the parenting plan. Section 4.3 of the parenting plan[3] provides a procedure for Mr. Covey to address the restrictions. Therefore, we decline to address the restrictions.

We also decline to void the findings in the parenting plan regarding Mr. Covey's past actions toward Ms. Covey and his children. The invited error doctrine bars Mr. Covey from challenging facts that he stipulated to in the findings. The invited error doctrine precludes judicial review of any error where the complaining party engaged in some affirmative action by which he knowingly and voluntarily set up the error. *State v. Phelps*, 113 Wn. App. 347, 353, 57 P.3d 624 (2002). Absent fraud, mistake, or want of jurisdiction, an appellate court will not review a trial court judgment entered with the consent of the parties. *Wash. Asphalt Co. v. Harold Kaeser Co.*, 51 Wn.2d 89, 91, 316 P.2d 126 (1957). Mr. Covey agreed to these findings and had an opportunity to address these issues at trial.

We decline Mr. Covey's request to void the findings in the parenting plan. We reverse the imposition of sanctions.

---

[3] CP at 184.

13

No. 30415-9-III
*In re Marriage of Covey*

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Kulik, J.

WE CONCUR:

_____          _____
Brown, J.                        Siddoway, A.C.J.

14