## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| P&M CONSTRUCTION, INC., a Washington business corporation<br><br>Appellant,<br><br>v.<br><br>SEAN R. MATT and KIMBERLY M. TOSSMAN, a marital community,<br><br>Respondents. | No.  49605-4-II<br><br><br><br><br><br>UNPUBLISHED OPINION |

WORSWICK, J. — P&M Construction brought suit against Sean R. Matt and Kimberly M. Tossman (the Matts) after entering into a contract to remodel the Matts' home.  After the parties entered into a settlement agreement, the trial court granted the Matts' motion to dismiss with prejudice and awarded them attorney fees.  P&M Construction argues that (1) the trial court erred in granting the Matts' motion to dismiss because the Matts did not have authority to move for dismissal pursuant to the settlement agreement, (2) the trial court erred by awarding the Matts attorney fees because (a) their claim was untimely and (b) the award was not based on contract or statute, and (3) we should award sanctions under CR 11 against the Matts because their motion for attorney fees was frivolous.  We do not review the trial court's order to dismiss, but because the trial court did not find bad faith and the record does not support such a finding, we reverse the attorney fee award and decline to award sanctions against the Matts.

FACTS

P&M Construction entered into a contract with the Matts to remodel their home in Seattle. Disputes arose, and P&M Construction filed a lawsuit against the Matts for damages from the breach of their remodeling contract. The Matts filed a counterclaim against P&M Construction for, among other things, breach of contract and negligent misrepresentation.

Trial began on October 19, 2015. On October 21, the parties entered into a settlement agreement to dismiss their claims against each other with prejudice. The parties stipulated to the terms of the settlement agreement on the record, and the trial court stated that "the trial date is stricken, and we'll just wait to hear from you folks about an order of dismissal." Verbatim Report of Proceedings (VRP) (Oct. 21, 2015) at 4.

The Matts drafted a proposed stipulation and order of dismissal and sent the order to P&M Construction. The Matts contacted P&M Construction on at least four occasions, but they received no response. In its last communication with P&M Construction, the Matts stated that they would file a motion to dismiss and request attorney fees if P&M Construction failed to respond.

After receiving no response about the stipulation and order of dismissal, the Matts filed a motion to dismiss with prejudice on November 17. In the motion, the Matts also requested attorney fees for costs incurred while seeking an order of dismissal because of the "failure (or refusal) of Plaintiff and its attorneys to even acknowledge, let alone comply with, their obligations to the Court and the Matts." Clerk's Papers (CP) at 166. P&M Construction did not object to the motion to dismiss.

No. 49605-4-II

On December 2, 44 days after the scheduled trial date, the trial court granted the Matts' motion to dismiss and awarded them attorney fees. The order stated that the amount of attorney fees would be determined at a later date because the Matts' motion did not include the fee amount. However, the trial court did not address the basis for the award of attorney fees, and it did not make a finding that P&M Construction had acted in bad faith. The Matts' counsel filed a declaration regarding the attorney fees on December 14, and the trial court awarded the Matts $2,236 in attorney fees. P&M Construction appeals the order of dismissal and the attorney fee award.

ANALYSIS

I. MOTION TO DISMISS

As an initial matter, P&M Construction argues that the trial court erred in granting the Matts' motion to dismiss because the Matts did not have the authority to move for dismissal under the settlement agreement. We do not review this claim of error.

RAP 2.5(a) provides that we "may refuse to review any claim of error which was not raised in the trial court." In its response to the Matts' motion for dismissal, P&M Construction stated it had "no objection to entry of an order dismissing all claims with prejudice." CP at 184. Because P&M Construction did not raise this issue in the trial court, it failed to properly preserve the issue for appeal. Accordingly, we do not review it.

II. ATTORNEY FEES

P&M Construction also argues that the trial court erred by awarding the Matts attorney fees because (a) their claim was untimely and (b) the award was not based on contract or statute.

3

We conclude that the Matts' attorney fee claim was timely, but we nonetheless reverse the attorney fee award.

A.     *Untimely Application*

P&M Construction argues that the trial court erred in awarding the Matts attorney fees because their claim was untimely under CR 54(d)(2), which requires a party to make a claim for attorney fees no later than 10 days after entry of judgment. We disagree.

The trial court's application of a court rule to the facts is a question of law we review de novo. *Wiley v. Rehak*, 143 Wn.2d 339, 343, 20 P.3d 404 (2001). CR 54(d)(2) provides that "[c]laims for attorneys' fees and expenses, other than costs and disbursements, shall be made by motion . . . . Unless otherwise provided by statute or order of the court, the motion must be filed no later than 10 days after entry of judgment." The 10-day limit is "intended to prevent parties from raising trial-level attorney fee issues very late in the appellate process." 4 LEWIS H. ORLAND & KARL B. TEGLAND, WASHINGTON PRACTICE: RULES PRACTICE CR 54, at 333 (6th ed. 2013) (drafter's comment on 2007 amendment to CR 54(d)(2)).

The Matts filed a motion for dismissal and attorney fees on November 17. On December 2, the trial court granted the Matts' motion for dismissal, awarded them attorney fees, and reserved the determination of the amount of the fees, pending receiving a declaration concerning fees. On January 14 the court awarded the Matts $2,236 in attorney fees.

P&M Construction does not cite to any authority to support its contention that a motion for attorney fees must also include a fee declaration. Here, the Matts filed a motion requesting attorney fees before the trial court entered its judgment. The Matts' subsequent fee declaration was not an independent claim for attorney fees. Instead, it was a request that the trial court

4

calculate the amount of fees it authorized pursuant to its order granting the Matts' motion for dismissal. Because the Matts made their claim for attorney fees before the 10-day limit proscribed by CR 54(d)(2), their motion for attorney fees was timely.

B.      *Unauthorized Award*

P&M Construction next argues that the trial court erred in awarding the Matts attorney fees because the court's award was not based on contract or statute. The Matts argue that the trial court's award was based on its inherent power to sanction attorneys for bad faith conduct. We agree with P&M Construction and reverse the attorney fee award.

We review the trial court's decision whether to grant or deny attorney fees as sanctions for an abuse of discretion. *Skimming v. Boxer*, 119 Wn. App. 748, 754, 82 P.3d 707 (2004). A trial court abuses its discretion when its decision is based on untenable grounds or untenable reasons. *Noble v. Safe Harbor Family Pres. Trust*, 167 Wn.2d 11, 17, 216 P.3d 1007 (2009).

A trial court may impose sanctions according to court rules or under its own inherent equitable powers. *State v. Gassman*, 175 Wn.2d 208, 210-11, 283 P.3d 1113 (2012). A trial court's inherent authority to manage and control its calendar, proceedings, and parties allows the court to award attorney fee sanctions based on a finding of bad faith. 175 Wn.2d at 211. When the trial court does not make an express finding of bad faith, we may uphold the attorney fee sanction if an examination of the record establishes that the trial court found some conduct equivalent to bad faith. 175 Wn.2d at 211. Bad faith may be demonstrated by "delaying or disrupting litigation." *State v. S.H.*, 102 Wn. App. 468, 475, 8 P.3d 1058 (2000).

Here, the trial court did not make an express finding that P&M Construction acted in bad faith, and it is unclear whether the trial court determined that P&M Construction's actions

5

amounted to bad faith. Further, the record on appeal does not include an oral ruling regarding the attorney fee award. Moreover, we cannot say from the record that P&M Construction acted in bad faith because the court clerk was authorized to order dismissal within 45 days after the date of the settlement agreement if the parties did not file their own motion to dismiss. Accordingly, the trial court's attorney fee award was based on untenable grounds. Therefore, the trial court abused its discretion, and we reverse its attorney fee award.

### III. REQUEST FOR SANCTIONS AGAINST THE MATTS

P&M Construction appears to ask that we award sanctions under CR 11 against the Matts for having to respond to a frivolous motion for attorney fees in the trial court. We reject P&M Construction's request.

P&M Construction requests sanctions under CR 11, claiming that the Matts' threat to seek attorney fees constituted harassment. However, P&M Construction did not request sanctions from the trial court.[1] Accordingly, P&M Construction may not request CR 11 sanctions for the first time on appeal. *Scott v. Goldman*, 82 Wn. App. 1, 10, 917 P.2d 131 (1996). To the extent P&M Construction is requesting attorney fees on appeal under CR 11, we have previously held that "CR 11, a superior court rule, does not explicitly authorize us to award sanctions." *Schorno v. Kannada*, 167 Wn. App. 895, 904, 276 P.3d 319 (2012). Thus, we reject P&M Construction's request for sanctions.

We reverse the trial court's award of attorney fees to the Matts.

---

[1] P&M Construction does not cite to the record where it requested CR 11 sanctions in the trial court, and our review of the record reveals no such request.

No. 49605-4-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, J.

We concur:

_____
Maxa, A.C.J.

_____
Sutton, J.