248 P.3d 91 (2011)
STATE of Washington, Appellant,
v.
Tyler W. GASSMAN, Respondent.
No. 28054-3-III.
Court of Appeals of Washington, Division 3.
January 6, 2011.
*92 Brian Clayton O'brien, Spokane Co. Pros. Atty., Spokane, WA, for Appellant.
Tyler William Gassman (Appearing Pro Se), Connell, WA, for Defendant.
David R. Partovi, Partovi Law, Spokane, WA, for Respondent.
BROWN, J.
¶ 1 The State appeals sanctions imposed in favor of Tyler W. Gassman's attorney by the trial court for a late information amendment; the State contends the court lacked a sufficient basis for the sanctions. We disagree and affirm.

FACTS
The State charged Mr. Gassman with first degree robbery; two counts of attempted first degree murder, or in the alternative first degree assault; and two counts of drive-by shooting. The information stated the events occurred "on or about April 15, 2008." Clerk's Papers (CP) at 40. Multiple crimes and co-defendants are involved.
¶ 3 On July 25, 2008, an investigating officer filed a report, indicating that two witnesses could testify that the incident occurred "on or about April 15, 2008." CP at 22. Upon further investigation, detectives learned one of the co-defendants called a friend soon after the incident. Phone records revealed the call came in at 1:08 a.m. on April 18, 2008. Based on that phone call, detectives suspected the actual offense date was April 17. Additional reports were filed on October 31, 2008 and November 20, 2008, reflecting the date change. These reports were forwarded to the Spokane County Public Defender's Office (SCPDO) on November 4, 2008 to be picked up by David Partovi, Mr. Gassman's attorney.
¶ 4 The SCPDO contracted with Mr. Partovi as a conflict attorney to represent Mr. Gassman. The SCPDO agreed to pay him $1,400 with an additional $200 per day for trial time. Because the SCPDO hired Mr. Partovi, discovery was provided to the SCPDO, who then distributed it to Mr. Partovi. Mr. Gassman's defense counsel prior to Mr. Partovi forwarded letters to the State from potential alibi witnesses.
¶ 5 On January 12, 2009, the day of trial, the State requested to amend the information from April 15, 2008 to "on or about April 17, 2008." CP at 13. Mr. Partovi objected to the amendment, alleging he was being sandbagged, that he had prepared his case on an alibi defense, and now on the morning of trial the State wanted to change the date. The court responded after it had heard the prosecutor's explanation, "it doesn't appear to me . . . there was any malicious intent on the part of [the prosecutor] to sandbag you." Report of Proceedings (RP) at 15.
¶ 6 Mr. Partovi admitted he was aware new reports indicated an offense date of *93 April 17, and that he was warned by one of the co-defendant's counsel that the State may amend. Mr. Partovi admitted he did not file a written notice of alibi defense. The court commented both sides were "not following the rules." RP at 38. The court then reviewed CrR 2.1(d) and cases dealing with that rule and found there was no prejudice to the defense in allowing the amendment, but ordered $2,000 in sanctions against the State to be paid to Mr. Partovi. In its written order, the court found, "the State was careless in handling certain aspects of this case and that carelessness will result in additional work for . . . defense counsel." CP at 25.
¶ 7 The court denied the State's reconsideration request, finding "the State . . . was careless in handling certain aspects of this case." CP at 118. The court denied Mr. Gassman's request for dismissal based on prosecutorial misconduct, finding no misconduct tainted the case, "other than . . . the State's failure to amend the information in a more timely manner." CP at 124-25.
¶ 8 A jury found Mr. Gassman guilty of first degree robbery; two counts of first degree assault and two counts of drive-by shooting; the court imposed a mitigated exceptional sentence. The State appealed the sanctions.

ANALYSIS
¶ 9 The sole issue is whether the trial court erred by abusing its discretion in ordering sanctions against the State. The State contends no basis exists for this order.
¶ 10 We review a trial court's decision to impose sanctions for abuse of discretion. Phys. Ins. Exch. & Ass'n v. Fisons Corp., 122 Wash.2d 299, 338, 858 P.2d 1054 (1993). Likewise, the denial of a motion for reconsideration is reviewed under the abuse of discretion standard. Rivers v. Wash. State Conference of Mason Contractors, 145 Wash.2d 674, 685, 41 P.3d 1175 (2002). Discretion is abused when it is exercised in a manifestly unreasonable manner or on untenable grounds. State ex rel. Carroll v. Junker, 79 Wash.2d 12, 26, 482 P.2d 775 (1971). In State v. Beliz, 104 Wash.App. 206, 211-12, 15 P.3d 683 (2001), this court recognized a trial court's discretion when presented with misconduct to either dismiss or impose sanctions.
¶ 11 Under CrR 2.1(d), a trial court may permit the State to amend an information any time before verdict if the defendant's substantial rights are not prejudiced. Here, the State properly requested to amend the information under CrR 2.1(d), but the court found "the State was careless in handling certain aspects of this case." CP at 25. We look to whether substantial evidence supports a court's finding. State v. Camarillo, 115 Wash.2d 60, 71, 794 P.2d 850 (1990).
¶ 12 The record shows the State was aware the investigating officers filed a new report in late October 2008, stating that the actual defense date was likely April 17, 2008. The record shows defense counsel forwarded letters from alibi witnesses to the State. Yet, the State waited until the day of trial to request to amend. Defense counsel objected, noting he was planning an alibi defense in reliance on the April 15 charging date. The court noted the State had no malicious intent. Thus, the evidence in the record supports the court's finding that the State's conduct was improper.
¶ 13 Additionally, "`the trial court is not powerless to fashion and impose appropriate sanctions under its inherent authority to control litigation.'" State v. S.H., 102 Wash.App. 468, 473, 8 P.3d 1058 (2000) (quoting In re Firestorm 1991, 129 Wash.2d 130, 139, 916 P.2d 411 (1996)). Relying on S.H., the State argues the court must make an explicit finding of bad faith before using its inherent authority to impose sanctions. In S.H., the trial court used its inherent authority to sanction litigation conduct. 102 Wash. App. at 475, 8 P.3d 1058. The appellate court noted the record supported the inference that the judge deemed counsel's conduct to be inappropriate and improper. Id. at 479, 8 P.3d 1058. Such conduct is "tantamount to a finding of bad faith." Id. But, without an express finding of improper conduct, the court remanded the matter. Id. Here, unlike in S.H., the court expressly found in its order, "the State was careless in handling certain aspects of this case." CP at *94 25. This is sufficient to support the court's imposition of sanctions.
¶ 14 The State's decision to request to amend the information almost two months after learning the officers thought the offense date was April 17, 2008, and being aware that the defense planned to call alibi witnesses was tenable grounds to impose sanctions. Given all, the trial court did not abuse its discretion.
¶ 15 Mr. Gassman requests attorney fees and costs on appeal, citing RAP 18.1 and RAP 14.2. RAP 18.1 allows for an award of attorney fees, "if applicable law grants to a party the right."RAP 18.1(a). Mr. Gassman fails to cite the necessary applicable law. To the extent he is the prevailing party, his request for costs would ordinarily be granted, but Mr. Gassman is an indigent appellant. "An Indigent [appellant] may not recover costs from the State for expenses paid with public funds." RAP 14.3(c). Thus, Mr. Gassman's requests for attorney fees and costs are denied.
¶ 16 Affirmed.
WE CONCUR: KULIK, C.J., and SWEENEY, J.