[No. 85801-2.   En Banc.]
Argued June 14, 2012.     Decided August 23, 2012.

THE STATE OF WASHINGTON, *Petitioner*, v. TYLER WILLIAM GASSMAN, *Defendant*, DAVID PARTOVI, *Respondent*.

*David R. Partovi*, pro se.

*Steven J. Tucker*, *Prosecuting Attorney*, and *Brian C. O'Brien*, *Deputy*, for petitioner.

¶1 CHAMBERS, J. — A trial court must have authority to manage the parties and proceedings before it. The State argues the trial court in this case erroneously imposed sanctions in a criminal prosecution without explicitly finding bad faith. While a finding of bad faith is the preferred basis for imposing sanctions in a criminal case, we will uphold sanctions if we can infer bad faith from the record before us. However, the trial court in the present case did not make a finding of bad faith and, given concessions at oral argument, the record does not support sanctions. We therefore reverse.

FACTS

¶2 The Spokane County Public Defender's Office contracted with David Partovi to defend Tyler Gassman from

criminal charges. Gassman's case was joined with those of several other codefendants, each of whom had their own counsel. The first information, filed July 28, 2008, alleged that the crimes had taken place "on or about April 15, 2008." Clerk's Papers (CP) at 40. After several continuances, trial was set for January 12, 2009. As trial began on January 12, the State moved to amend the information to allege that the crimes had taken place "on or about April 17, 2008." CP at 106; Report of Proceedings (RP) at 3. Defense counsel objected on the ground that they had prepared alibi defenses for April 15, 2008. The court granted the State's motion to amend under CrR 2.1(d)[1] and continued the trial. However, the court called the State's conduct "careless" (but not "purposeful") and awarded $2,000 to each defense counsel as "attorney fees" for the extra time they were required to spend dealing with the alibi issue. RP at 41-42. The State moved for reconsideration of the order, and after an extensive hearing on the issue, the court denied the State's motion. The State appealed, and the Court of Appeals held the award was proper. *State v. Gassman*, 160 Wn. App. 12, 248 P.3d 91 (2011). The State then petitioned this court, and we granted review.

## ANALYSIS

¶3 Sanctions decisions are reviewed for abuse of discretion. *Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp.*, 122 Wn.2d 299, 338, 858 P.2d 1054 (1993). A trial court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds. *Id.* at 339.

¶4 Various court rules allow the imposition of sanctions. *E.g.*, CR 11, 26(g); CrR 4.7(h)(7). Sanctions, including attorney fees, may also be imposed under the

---

[1] "The court may permit any information or bill of particulars to be amended at any time before verdict or finding if substantial rights of the defendant are not prejudiced." CrR 2.1(d).

court's inherent equitable powers to manage its own proceedings. *In re Recall of Pearsall-Stipek*, 136 Wn.2d 255, 266-67, 961 P.2d 343 (1998). Moreover, where the court's inherent power is concerned, "[w]e are at liberty to set the boundaries of the exercise of that power." *Id.* at 267 n.6. Trial courts have the inherent authority to control and manage their calendars, proceedings, and parties. *See Cowles Publ'g Co. v. Murphy*, 96 Wn.2d 584, 588, 637 P.2d 966 (1981).

¶5 No one argues that the sanctions in this case were imposed under a statute or a rule or because of a violation of a court order. Our analysis is limited to the court's inherent powers to sanction. We have stated that a finding of bad faith is sufficient for attorney fees sanctions under our inherent powers. *Pearsall-Stipek*, 136 Wn.2d at 267 n.6. Under federal case law, courts may assess attorney fees as an exercise of inherent authority only where a party engages in willfully abusive, vexatious, or intransigent tactics designed to stall or harass. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-47, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991). Our Court of Appeals has based its jurisprudence on federal case law. It has held that while an express finding of bad faith by the trial court is not required, a sanction of attorney fees imposed under the court's inherent authority must be based on a finding of conduct that was at least " 'tantamount to bad faith.' " *State v. S.H.*, 102 Wn. App. 468, 474, 8 P.3d 1058 (2000) (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767, 100 S. Ct. 2455, 65 L. Ed. 2d 488 (1980)).

¶6 The State argues that the trial court must make an express finding of bad faith. That is certainly the best practice, and we encourage trial courts to do so. However, in the absence of an express finding, appellate courts have upheld sanctions where an examination of the record establishes that the court found some conduct equivalent to bad faith. *Id.* at 475; *Wilson v. Henkle*, 45 Wn. App. 162, 175, 724 P.2d 1069 (1986). In the instant case, the court awarded

$2,000 to Partovi, counsel for one of the accused. Because Partovi was awarded fees, he is the party in interest in this appeal, and Partovi has represented himself. At oral argument, as he did in his briefing, Partovi often argued outside the record and largely conceded any grounds upon which we could infer bad faith.

¶7 It is clear from the record before us that the underlying criminal cases had a complicated history, with multiple charges filed, then dismissed, and new charges filed. Partovi believes the motion to amend the day of trial was part of an ongoing saga demonstrating bad faith. The trial judge did reference other "cases" several times during motion hearings. *E.g.*, RP at 205. But the trial court expressly stated on multiple occasions throughout the record that the sanctions were based upon "this case" alone and not any other cases. RP at 189; *see also* RP at 81-82, 205. The record or records of other cases are not before us. The only issue before us is the sanction imposed for the last-minute motion to amend the date of the alleged crime in this case.

¶8 Partovi conceded that he had failed to file a notice of an alibi defense although required to do so.[2] He also conceded that he was aware of a possible change of date as a cocounsel had alerted him several days before the State moved to amend. Partovi further conceded that the "on or about" language relating to April 15 was sufficient to include April 17 for the purpose of notice.[3, 4] Finally, Partovi represented to this court that he did not request or need a

---

[2] The record before us does not disclose the basis for this requirement. We assume the alibi defense notice requirement referenced by the parties is based upon a local rule or omnibus order.

[3] Wash. Supreme Court oral argument, *State v. Gassman*, No. 85801-2 (June 14, 2012), at 22 min., 52 sec., *audio recording by* TVW, Washington State's Public Affairs Network, *available at* http://www.tvw.org.

[4] The issue of whether this language is broad enough to encompass both dates was not raised on appeal to this court and is not before us.

continuance in response to the motion to amend.[5] Given the trial court's specific description of the State's behavior as "careless," RP at 42; CP at 25, 118, and Partovi's concessions in the record and during oral argument, we cannot infer any conduct tantamount to bad faith in the record before us to support the court's sanction.

## CONCLUSION

¶9 The trial court failed to make a finding of bad faith to support the sanctions imposed. Based upon the trial judge's specific finding that the State's conduct was careless and not purposeful, and the concessions of Partovi, the record provides no basis for this court to infer bad faith or conduct tantamount to bad faith. We therefore conclude the trial court abused its discretion and reverse.

MADSEN, C.J., and C. JOHNSON, OWENS, FAIRHURST, J.M. JOHNSON, STEPHENS, WIGGINS, and GONZÁLEZ, JJ., concur.

---

[5] Wash. Supreme Court oral argument, *supra*, at 34 min., 22 sec.