# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 49469-8-II |
| Respondent, | |
| v. | |
| ANTHONY EUGENE WHITFIELD, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. — In 2004, Anthony Eugene Whitfield was convicted of 17 counts of first

degree assault with sexual motivation. In 2016, Whitfield filed a motion under RCW 10.73.170

seeking postconviction deoxyribonucleic acid (DNA) testing, which the trial court denied.

Whitfield appeals, arguing that the court erred in denying his motion because DNA evidence was

material to his sentence. Whitfield also raises several issues in his statement of additional

grounds for review (SAG). Because the DNA evidence was not material to a sentence

enhancement, we affirm the trial court's order denying Whitfield's RCW 10.73.170 motion for

postconviction DNA testing.

FACTS

In 1992, Whitfield was diagnosed HIV-positive (human immunodeficiency virus) and

was informed of the consequences of the disease. Between 1999 and 2004, Whitfield had sexual

encounters with 17 women without informing any of his partners that he was HIV-positive.  It was reported that at least five of Whitfield's partners contracted HIV.

In 2004, the State charged Whitfield with 17 counts of first degree assault with a sexual motivation special allegation.[1]  Whitfield waived his right to a jury trial, and the trial court found Whitfield guilty of all 17 counts of first degree assault for intending to expose all 17 partners to HIV.  The trial court also found that all 17 counts were committed with sexual motivation.[2]

At sentencing, the trial court organized Whitfield's convictions into three categories. One of these categories involved the five convictions pertaining to "victims who have become HIV-positive."[3]  Suppl. Clerk's Papers (CP) at 55.  The trial court imposed a maximum sentence within the standard range for eight of the first degree assault with sexual motivation convictions, including the five convictions that involved victims who had become HIV-positive.  The trial court imposed a sentence above the midpoint of the standard range, but lower than the maximum, for Whitfield's nine remaining first degree assault with sexual motivation convictions.  Whitfield was sentenced to a total of 2,137 months of confinement.  Notably, Whitfield received neither an exceptional sentence nor a sentence enhancement.

---

[1] RCW 9A.36.011(1)(b); former RCW 9.94A.127 (1999), *recodified as* 9.94A.835 (LAWS OF 2001, ch. 10, § 6.  Fourteen of the 17 first degree assault charges included a domestic violence designation.  Former RCW 10.99.020(3)(a) (2000).

[2] Whitfield was also convicted of two counts of witness tampering and three counts of violation of a no-contact order.  These convictions are not at issue in this appeal.

[3] The other two categories included victims who Whitfield assaulted after receiving a cease and desist order and victims who have children with Whitfield.

In 2016, Whitfield filed a RCW 10.73.170 motion, seeking DNA testing of the five women who reportedly contracted HIV.[4]  Whitfield argued that the evidence would show that the strain of HIV contracted by the victims would be different than the strain Whitfield was infected with.  The trial court denied Whitfield's motion.  Whitfield appeals.

ANALYSIS

## I.  MOTION FOR POSTCONVICTION DNA TESTING

Whitfield argues that the trial court erred in denying his RCW 10.73.170 motion for postconviction DNA testing because DNA evidence was material to his sentence.  Specifically, Whitfield argues that his maximum standard range sentence is a "sentence enhancement" within the meaning of RCW 10.73.170 because the trial judge distinguished five of his convictions because his victims became HIV-positive.  He argues that if the DNA evidence were to show that he did not transmit HIV to these victims, the trial judge would have given him a lesser sentence.  We disagree.  Whitfield did not receive a sentence enhancement and, thus, did not make the showing required to receive postconviction DNA testing.

RCW 10.73.170 provides a means for convicted persons to seek DNA testing to establish their innocence and is "limited to situations where there is a credible showing that [DNA testing] could benefit a possibly innocent individual." *State v. Crumpton*, 181 Wn.2d 252, 258, 261, 332 P.3d 448 (2014).  Generally, we review a trial court's decision on a RCW 10.73.170(3) motion for postconviction DNA testing for an abuse of discretion.  *State v. Thompson*, 173 Wn.2d 865, 870, 271 P.3d 204 (2012).  However, where, as here, resolution of the case turns on a question of

---

[4] The DNA evidence location is not clear from the record on appeal.  The State argued to the trial court that it is not in possession of the evidence Whitfield seeks to have tested.  From our record, it appears that only the Washington State Department of Health tested the victims for HIV.

statutory interpretation, our review is de novo. *State v. Ervin*, 169 Wn.2d 815, 820, 239 P.3d 354 (2010).

The primary goal of statutory interpretation is to discern and implement the legislature's intent. *State v. Armendariz*, 160 Wn.2d 106, 110, 156 P.3d 201 (2007). In interpreting a statute, we first look to the statute's plain language. 160 Wn.2d at 110. To determine the plain meaning of a statute, we look at the context of the statute, related provisions, and the statutory scheme as a whole. *Ervin*, 169 Wn.2d at 820.

If the statutory language is subject to more than one reasonable interpretation, it is ambiguous. 169 Wn.2d at 820. However, if the statute is unambiguous, we must give effect to its plain meaning as an expression of legislative intent. *Armendariz*, 160 Wn.2d at 110. "We cannot add words or clauses to an unambiguous statute when the legislature has chosen not to include that language." *State v. Delgado*, 148 Wn.2d 723, 727, 63 P.3d 792 (2003).

RCW 10.73.170(1) provides that a convicted person who is currently serving a term of imprisonment may submit a motion requesting DNA testing. RCW 10.73.170(2) lists the procedural requirements of a postconviction motion for DNA testing. A petitioner's motion must state the basis for the DNA testing request and "[e]xplain why DNA evidence is material to the identity of the perpetrator of, or accomplice to, the crime, or to sentence enhancement." RCW 10.73.170(2)(b). If the petitioner satisfies these procedural requirements, and if the trial court also concludes that the petitioner "has shown the likelihood that the DNA evidence would demonstrate innocence on a more probable than not basis," the court must grant the petitioner's motion. RCW 10.73.170(3). Here, Whitfield argues that DNA evidence is material to a sentence enhancement.

"Sentence enhancement" is a term of art that is not defined by RCW 10.73.170. When a statutory term is undefined, we generally apply the term's "'plain and ordinary meaning unless a contrary legislative intent is indicated.'" *State v. Jones*, 172 Wn.2d 236, 242, 257 P.3d 616 (2011) (quoting *Ravenscroft v. Wash. Water Power Co.*, 136 Wn.2d 911, 920-21, 969 P.2d 75 (1998)). However, when a term of art is used, we look to the technical definition of the term, even where a common definition is available. *State v. Veliz*, 176 Wn.2d 849, 854, 298 P.3d 75 (2013).

"Sentence enhancement" has a technical meaning regarding criminal sentences. RCW 9.94A.533 of the Sentencing Reform Act of 1981 provides for adjustments to a defendant's standard range sentence. RCW 9.94A.533(1). These adjustments, referred to in the statute as "enhancements," are statutorily-mandated increases in a defendant's standard range sentence due to the particular circumstances of the offense committed. *See generally* RCW 9.94A.533. RCW 9.94A.533 requires that the trial court add a specific number of months to a defendant's standard range when the offense committed involves a firearm, deadly weapon, sexual motivation, or gang activity. *See generally* RCW 9.94A.533.

Defining "sentence enhancement" as a statutorily-mandated increase in a defendant's standard range comports with the construction of RCW 10.73.170. RCW 10.73.170 provides a form of postconviction relief to a defendant who can show that DNA evidence is material regarding the perpetrator of the crimes the defendant was convicted of or to a sentence enhancement. Both a conviction and a sentence enhancement require a finding of guilt and involve the trial court adding a specific amount of time to a defendant's sentence. RCW 10.73.170 creates a procedure to absolve a defendant of this finding of guilt and additional time

in confinement. Accordingly, we determine that the legislature intended that "sentence enhancement" be given its term-of-art meaning.

Whitfield argues that a maximum standard range sentence is a "sentence enhancement" for purposes of RCW 10.73.170. But Whitfield's reading of RCW 10.73.170 is contrary to the statute's plain language. RCW 10.73.170 clearly states that a petitioner's motion for postconviction DNA testing must explain that DNA evidence is material to the identity of the perpetrator of a crime, the identity of an accomplice to a crime, or to a sentence enhancement. "Sentence enhancement" is a term of art and is defined as a statutorily-mandated increase in a defendant's standard range due to the particular circumstances of the offense committed. A standard range sentence, without more, does not involve the trial court adding a specific amount of time to a defendant's standard range due to the fact that the defendant committed a crime in such a way that comports with the enhancements listed in RCW 9.94A.533.

The plain language of RCW 10.73.170 makes clear that the legislature intended to permit a defendant to request postconviction DNA testing when DNA is material to a sentence enhancement under RCW 9.94A.533. Therefore, "sentence enhancement" is subject only to one reasonable interpretation and is unambiguous. And we do not add words or clauses to an unambiguous statute. *Delgado*, 148 Wn.2d at 727.

Whitfield's motion does not comply with the procedural requirements listed in RCW 10.73.170. A review of Whitfield's judgment and sentence makes it clear that Whitfield received a sentence within the standard range for each of his first degree assault convictions, and

6

he did not receive any type of statutory sentence enhancement.[5]  Consequently, Whitfield's

RCW 10.73.170 motion for postconviction DNA testing fails to show that DNA is material to a

sentence enhancement.  Thus, the trial court did not err in denying his motion.

## II. APPELLATE COSTS

Whitfield asks that we refrain from awarding appellate costs against him because he is

indigent.  A commissioner of this court can consider whether to award appellate costs in due

course under the newly revised RAP 14.2 if the State files a cost bill and if Whitfield objects to

that cost bill.

## STATEMENT OF ADDITIONAL GROUNDS

In his SAG, Whitfield contends that (1) the trial court judge violated Canon 1 of the

Washington Code of Judicial Conduct (CJC), the appearance of fairness doctrine, and

Whitfield's right to due process; (2) the prosecutor committed misconduct and violated his due

process and equal protection rights; and (3) the State spoliated evidence and coerced the victims

to falsely testify.  Whitfield's claims either lack merit or require examination of matters outside

the appellate record.

## I. APPEARANCE OF FAIRNESS

Whitfield contends that the trial court judge violated Canon 1 of the CJC, the appearance

of fairness doctrine, and Whitfield's right to due process because Whitfield was not given the

---

[5] We note that even though the trial court found that all 17 first degree assault convictions involved special allegations of sexual motivation, Whitfield did not receive a sexual motivation sentence enhancement.  *Compare* CP at 36-37, *with* former RCW 9.94A.510 (2002).

opportunity to reply to the State's arguments at the RCW 10.73.170 motion hearing.[6]

Whitfield's claim lacks merit.

Due process, the appearance of fairness doctrine, and the CJC require that a judge

disqualify himself if he is biased against a party or his impartiality may reasonably be

questioned. *State v. Dominguez*, 81 Wn. App. 325, 328, 914 P.2d 141 (1996). Under the

appearance of fairness doctrine, a judicial proceeding "is valid only if a reasonably prudent,

disinterested observer would conclude that the parties received a fair, impartial, and neutral

hearing." *State v. Gamble*, 168 Wn.2d 161, 187, 225 P.3d 973 (2010). Similarly, Canon 1 of the

CJC provides that a judge must comply with the law and must act in a manner that "promotes

public confidence in the independence, integrity, and impartiality of the judiciary, and shall

avoid impropriety and the appearance of impropriety."

A party alleging judicial bias must present evidence of actual or potential bias.

*Dominguez*, 81 Wn. App. at 329. We use an objective test to determine if a judge's impartiality

might reasonably be questioned by a reasonable person who knows all the relevant facts. *In re*

*Marriage of Davison*, 112 Wn. App. 251, 257, 48 P.3d 358 (2002). Without evidence of actual

or potential bias, a claim of judicial bias is without merit. *Dominguez*, 81 Wn. App. at 329.

---

[6] Whitfield also appears to contend that the trial court judge violated Whitfield's right to equal protection of the law at the RCW 10.73.170 motion hearing. RAP 10.10(c) requires that an appellant inform this court of the "nature and occurrence of the alleged errors." We cannot review a SAG claim if it is too vague to properly inform this court of the claimed error. *State v. Bluehorse*, 159 Wn. App. 410, 436, 248 P.3d 537 (2011). Whitfield's claims are too vague to apprise this court of the nature and occurrences of the alleged errors. RAP 10.10(c). Accordingly, we do not consider Whitfield's equal protection claim.

At Whitfield's RCW 10.73.170 motion hearing, Whitfield, who was self-represented, presented his argument to the trial court. The State then presented its argument in response to Whitfield. After the State completed its presentation, the trial court stated, "The court is ready to rule," and denied Whitfield's motion. Verbatim Report of Proceedings (VRP) (Aug. 31, 2016) at 8. Whitfield was not given an opportunity to reply to the State's argument at the motion hearing.

Whitfield fails to point to any evidence that the trial court judge was biased against him. Contrary to Whitfield's claim, we are unaware of any court rule providing that a party must have the opportunity to reply to an opposing party's argument at a motion hearing. Moreover, a trial court judge has the inherent authority to manage parties and proceedings. *State v. Gassman*, 175 Wn.2d 208, 211, 283 P.3d 1113 (2012). The trial court judge's failure to permit Whitfield to reply to the State's arguments at the motion hearing does not constitute evidence of actual or potential bias. Therefore, Whitfield's claim is without merit.

## II. PROSECUTORIAL MISCONDUCT

Whitfield also contends that the prosecutor committed misconduct and violated his due process and equal protection rights by (1) suggesting that the trial court treat Whitfield's RCW 10.73.170 motion as a personal restraint petition, (2) arguing that Whitfield's motion was moot and referencing Whitfield's trial, and (3) arguing that the State did not have jurisdiction over Whitfield's victims. Whitfield's claims lack merit.

To establish prosecutorial misconduct, a defendant bears the burden of proving the prosecutor's conduct was both improper and prejudicial. *State v. Thorgerson*, 172 Wn.2d 438, 442, 258 P.3d 43 (2011). If a defendant meets this burden, we may reverse the defendant's conviction. *State v. Emery*, 174 Wn.2d 741, 759-61, 278 P.3d 653 (2012).

If a defendant establishes that the prosecutor's conduct was improper, we must determine whether he was prejudiced. 174 Wn.2d at 760. Where, as here, a defendant fails to object to alleged prosecutorial misconduct, he is deemed to have waived any error unless he shows the misconduct "was so flagrant and ill intentioned that an instruction could not have cured the resulting prejudice." 174 Wn.2d at 760-61. To meet this heightened standard, the defendant must show that "(1) 'no curative instruction would have obviated any prejudicial effect on the jury' and (2) the misconduct resulted in prejudice that 'had a substantial likelihood of affecting the jury verdict.'" 174 Wn.2d at 761 (quoting *Thorgerson*, 172 Wn.2d at 455).

A.      *Treatment of Whitfield's RCW 10.73.170 Motion*

Whitfield contends that the prosecutor committed misconduct by suggesting that the trial court treat Whitfield's RCW 10.73.170 motion as a personal restraint petition. We determine that Whitfield waived any error and that, therefore, Whitfield's claim lacks merit.

At the RCW 10.73.170 motion hearing, the State noted:

> But based on the rules of appellate procedure, I believe there was already an appeal that occurred in this case, and a mandate that was handed down affirming the conviction. I believe this would be a personal-restraint petition.
> However, if the Court is hearing this case on merits, I would point the Court towards the findings of fact and conclusions of law in this case.

VRP (Aug. 31, 2016) at 6. Whitfield did not object.

RCW 10.73.170 motions for postconviction DNA testing are separate from personal restraint petitions. *Compare* RCW 10.73.170, *with* CrR 7.8. While the prosecutor's statement may amount to a misstatement of the law, Whitfield fails to show that this error had a substantial likelihood of affecting the outcome of the motion hearing. Accordingly, Whitfield fails to meet

10

his burden in showing that the prosecutor's conduct was flagrant and ill-intentioned, and he has waived any error.

B.      *References to Whitfield's Trial*

Whitfield also contends that the prosecutor committed misconduct by arguing that Whitfield's motion was moot and by referencing his trial. Whitfield's claim lacks merit.

In his motion for postconviction DNA testing, Whitfield argued that DNA testing was material to the identity of the perpetrator of his first degree assault with sexual motivation charges because DNA testing would show that the five women who reportedly contracted HIV contracted the virus from someone other than Whitfield. In arguing the merits of Whitfield's RCW 10.73.170 motion, the prosecutor referenced Whitfield's trial:

> Judge McPhee indicated . . . that the defendant acted with the intent to expose each one of the identified victims to HIV. There is no indication that transmission was the basis for the conviction. As such, the defendant's request is moot: . . . even if there is DNA in an HIV strain . . . there is no basis for it, based upon the findings of fact entered by the bench in the bench trial.

VRP (Aug. 31, 2016) at 7. Whitfield did not object.

Whitfield was convicted of 17 counts of first degree assault for *intending to expose* 17 victims to HIV. Whether he transmitted the virus to any of the victims is immaterial to the identity of the perpetrator of his first degree assault charges. The prosecutor correctly noted that there was no indication that Whitfield was convicted based on the transmission of HIV to any of the victims. As a result, the prosecutor was also correct in stating that there was no basis for DNA testing. Thus, Whitfield fails to show that the prosecutor's conduct was improper, and his claim lacks merit.

C.      *Jurisdiction Over Victims*

Whitfield also contends that the prosecutor committed misconduct by arguing that the State does not have jurisdiction over Whitfield's victims. Whitfield's claim lacks merit.

During the RCW 10.73.170 motion hearing, the prosecutor stated that "[t]he State stands behind the other reasons indicated in [its] brief, not the least of which at this point, the Court has no jurisdiction over the victims." VRP (Aug. 21, 2016) at 8. Whitfield did not object.

Whitfield points to RCW 2.08.010 to support his contention that the State has jurisdiction over the victims of his crimes. RCW 2.08.010 provides that the superior court has original jurisdiction in all criminal cases amounting to a felony. However, RCW 2.08.010 does not provide the State with the ability to obtain DNA tests from the five victims who reportedly contracted HIV. Accordingly, Whitfield fails to show that the prosecutor's statement was improper, and his claim lacks merit.

III. SPOLIATION OF EVIDENCE

Whitfield also contends that the State spoliated evidence of his and the five victims' DNA, requiring an evidentiary hearing, and that the State coerced the victims to falsely testify against him. We do not review Whitfield's claim because it relies on matters outside the record on review.

Whitfield attempts to submit evidence outside the record by attaching exhibits to his SAG. We do not accept evidence into the record on appeal that was not before the trial court. RAP 9.11; *State v. Madsen*, 153 Wn. App. 471, 485, 228 P.3d 24 (2009). Moreover, we do not consider matters outside the trial record on direct appeal. *State v. McFarland*, 127 Wn.2d 322,

No. 49469-8-II

338, 899 P.2d 1251 (1995). Because Whitfield's assertions rely entirely on matters outside the record, we do not address them.[7]

CONCLUSION

We affirm the trial court's order denying Whitfield's RCW 10.73.170 motion for postconviction DNA testing.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, J.

We concur:

Bjorgen, C.J.

Melnick, J.

---

[7] The appropriate procedure for addressing matters outside the record is through a personal restraint petition. *McFarland*, 127 Wn.2d at 335.