# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| ADAM LANEER CONSTRUCTION, INC., | No.  55324-4-II |
| Appellant, | |
| v. | |
| FOSTER BROTHERS, INC., | UNPUBLISHED OPINION |
| Respondent. | |

LEE, J. — Adam Laneer Construction, Inc. appeals the superior court's orders granting

Foster Brothers, Inc.'s motion to set aside a default judgment and denying Laneer Construction's

motion for reconsideration.  Laneer Construction argues the superior court abused its discretion in

granting the motion because Foster Brothers failed to present evidence establishing a prima facie

defense and to show that the failure to appear resulted from excusable neglect.  Further, Laneer

Construction argues that the superior court abused its discretion by failing to impose sanctions as

a condition of granting the motion to set aside the judgment.  We affirm the superior court's orders.

## FACTS

On May 12, 2020, Laneer Construction filed a complaint against Foster Brothers seeking

$13,085.43 in damages for breach of contract.  Laneer Construction alleged that it entered into a

subcontracting agreement with Foster Brothers for work on a construction project.  The complaint

also alleged that the work Foster Brothers completed on the project was defective and did not

comply with industry standards.

A summons was filed on the same day. The summons was served on Foster Brothers' registered agent on May 16.

On June 12, Laneer Construction filed a motion for default and for entry of default judgment. On June 22, the superior court entered judgment against Foster Brothers for $13,085.43 in damages plus statutory costs and attorney fees.

On June 25, three days after entry of the default judgment, the attorney for Foster Brothers filed a notice of appearance. On July 28, Foster Brothers filed a motion to set aside the default judgment under CR 60(b). The motion alleged that Foster Brothers attempted to retain an attorney from May 16 through June 22, but was unable to do so because of complications related to the COVID-19 pandemic. Foster Brothers was able to retain counsel on June 25. Foster Brothers also denied that any of its work was done improperly.

Foster Brothers argued that its failure to retain counsel was excusable neglect under CR 60(b)(1). Foster Brothers also argued that it had a valid defense because the work was done as contemplated under the terms of the contract. Foster Brothers' motion was supported by the declaration of Josh Foster, part owner of Foster Brothers. Foster declared that Foster Brothers completed the work under the contract and was paid for its work. Later, Laneer Construction claimed the work was done improperly and had to be redone. Foster also declared that Foster Brothers was unable to speak to potential counsel until June 22 because of the COVID-19 pandemic.

Laneer Construction opposed the motion to set aside the default judgment. Laneer Construction argued that Foster Brothers failed to support its motion with any specific factual references supporting its contentions, so the superior court should deny Foster Brothers' motion. Laneer Construction also argued, alternatively, that the superior court should impose sanctions

against Foster Brothers and leave the judgment in effect for seven days to give Foster Brothers the choice to either "(a) pay the sanctions and prepare to litigate; or (b) decide to just pay the judgment and move on." Clerk's Papers at 75.

Laneer Construction supported its opposition to Foster Brothers' response based on the conditions caused by the COVID-19 pandemic with a declaration from its own attorney. The attorney declared that he had continued to practice during the pandemic, as well as interacting with various other lawyers during the pandemic, and was not aware of any situation that would prevent a person from being able to consult with or retain an attorney. Further, the attorney stated that Foster Brothers did not make any attempt to contact him and explain their difficulty in retaining an attorney.

The superior court granted Foster Brothers' motion to set aside the default judgment. Laneer Construction moved for reconsideration, which the superior court denied.

Laneer Construction appeals.

ANALYSIS

A.    LEGAL PRINCIPLES

We review a superior court's decision on a motion for reconsideration for an abuse of discretion. *Christian v. Tohmeh*, 191 Wn. App. 709, 728, 366 P.3d 16 (2015), *review denied*, 185 Wn.2d 1035 (2016). We also review decisions to set aside default judgments for an abuse of discretion. *Little v. King*, 160 Wn.2d 696, 702, 161 P.3d 345 (2007). "A [superior] court abuses its discretion by making a decision that is manifestly unreasonable or by basing its decision on untenable grounds or untenable reasons." *VanderStoep v. Guthrie*, 200 Wn. App. 507, 518, 402 P.3d 883 (2017), *review denied*, 189 Wn.2d 1041 (2018). "[W]e are more likely to find an abuse of discretion when the [superior] court denies a motion to set aside a default judgment than when

the [superior] court grants such a motion." *Id.* "[D]efault judgments generally are disfavored because courts prefer to resolve cases on their merits." *Id.* at 517.

CR 60(b)(1) provides for relief from a judgment for "[m]istakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order." Courts apply a four-prong test to determine if a default judgment should be vacated under CR 60(b)(1):

> (1) that there is substantial evidence supporting a prima facie defense; (2) that the failure to timely appear and answer was due to mistake, inadvertence, surprise, or excusable neglect; (3) that the defendant acted with due diligence after notice of the default judgment; and (4) that the plaintiff will not suffer a substantial hardship if the default judgment is vacated.

*Little*, 160 Wn.2d at 703-04. The first two factors are the primary considerations in whether to set aside a default judgment. *Id.* at 704.

However, whether to set aside a default judgment is ultimately a matter of equity. *Id.* "Our primary concern is whether justice is being done." *VanderStoep*, 200 Wn. App. at 517. We must decide whether the superior court's decision on a motion to set aside a default judgment is just and equitable. *Id.* "What is just and equitable must be determined based on the specific facts of each case, not based on a fixed rule." *Id.* at 517-18.

B.     MOTION TO SET ASIDE DEFAULT JUDGMENT

Laneer Construction argues that the superior court erred by granting the motion to set aside the default judgment because Foster Brothers failed to present prima facie evidence of a defense. Laneer Construction also argues that the superior court erred by granting the motion to set aside the default judgment because Foster Brothers failed to establish the failure to timely appear was due to excusable neglect.[1]

---

[1] Laneer Construction's briefing provides substantial argument regarding the first two factors of the test but only passing treatment of the remaining two factors. Laneer Construction concedes that Foster Brothers acted with due diligence after the default judgment was entered. With regard

1.      Prima Facie Defense

Laneer Construction argues that there was not substantial evidence supporting a prima facie defense to the complaint because Foster Brothers offered only a conclusory denial of the allegations that the work was done improperly. We disagree.

When moving to set aside a default judgment, "a defendant generally must submit affidavits identifying specific facts that support a prima facie defense." *Id*. at 519. Conclusory allegations and statements are insufficient to establish a prima facie defense; "[t]he defendant must present 'concrete facts' that support a defense." *Id.* (quoting *Ha v. Signal Elec., Inc.*, 182 Wn. App. 436, 449, 332 P.3d 991 (2014), *review denied*, 182 Wn.2d 1006 (2015)).

However, the superior court must view all facts and inferences in the light most favorable to the defendant. *Id*. at 519-20. Any set of circumstances that, if believed, would entitle the defendant to relief may support setting aside a default judgment. *Id*. at 520. "[E]ven a 'tenuous' defense may be sufficient." *Id.* (internal quotation marks omitted) (quoting *Little*, 160 Wn.2d at 711).

"In a breach of contract action, the plaintiff must prove that a valid agreement existed between the parties, the agreement was breached, and the plaintiff was damaged." *Univ. of Wash. v. Gov't Emp. Ins. Co.*, 200 Wn. App. 455, 467, 404 P.3d 559 (2017). Here, Foster Brothers' defense is simply general denial, which Foster Brothers did support by Foster's declaration that

---

to the hardship factor, Laneer Construction argues that it incurred legal expenses resulting from the motion to set aside the default judgment and, therefore, it suffered financial hardship resulting from the order setting aside the default judgment. However, Laneer Construction would have incurred these legal expenses regardless of whether the motion to set aside was granted. This is not a "substantial hardship" as required by the *Little* factors. 160 Wn.2d at 704. Accordingly, Laneer Construction has not shown that either of the secondary factors warrants reversing the superior court's orders granting the motion to set aside the default judgment and denying the motion for reconsideration.

the work had been done properly. Further, Foster Brothers stated that Laneer Construction paid for the work but later determined that the work was substandard. A reasonable inference from Foster's declaration is that Laneer Construction also considered Foster Brothers' work satisfactory because Laneer Construction paid Foster Brothers for their work, providing Foster Brothers with a viable defense to Laneer Construction's breach of contract claim. Thus, given the facts presented, the superior court did not abuse its discretion by granting Foster Brothers' motion to set aside the default judgment.

2.  Excusable Neglect

Laneer Construction argues that Foster Brothers failed to show that the failure to appear was excusable neglect resulting from the COVID-19 pandemic.[2] We disagree.

The superior court has broad discretion in determining whether the failure to appear resulted from excusable neglect. *VanderStoep*, 200 Wn. App. at 526. The superior court may make credibility determinations or weigh evidence to determine whether there has been excusable neglect. *Id*.

Here, Foster Brothers declared that it had difficulty retaining an attorney because of the COVID-19 pandemic. Although Laneer Construction provided evidence that its attorney had been able to contact clients during the pandemic, the superior court was within its discretion to weigh the opposing declarations and give more weight to Foster Brothers' declaration.

Furthermore, granting Foster Brothers' motion facilitates a decision on the merits. *Id*. at 517 ("[D]efault judgments generally are disfavored because courts prefer to resolve cases on their

---

[2] Laneer Construction also argues that Foster Brothers has failed to provide any explanation for its failure to timely take action in response to Laneer Construction's communications prior to filing the lawsuit. But Laneer Construction cites to no law establishing that we consider response or lack of response to pre-filing attempts to resolve a dispute when deciding whether to grant or deny a motion to set aside a default judgment.

merits."). Because the superior court granted, rather than denied, Foster Brothers' motion and it is in the interest of justice to have this case decided on the merits, the superior court did not abuse its discretion by granting Foster Brothers' motion to set aside the judgment.

C.     SANCTIONS

Laneer Construction also argues that the superior court abused its discretion by refusing to impose sanctions as a condition of granting the motion to set aside the default judgment. Laneer Construction does not cite to any specific court rule or statute that justifies the imposition of sanctions as a condition of granting a motion to set aside a default judgment. Instead, Laneer Construction argues that the superior court should have exercised its inherent authority to impose sanctions. We disagree.

Any decision on sanctions is reviewed for an abuse of discretion. *State v. Gassman*, 175 Wn.2d 208, 210, 283 P.3d 1113 (2012) (citing *Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp.*, 122 Wn.2d 299, 338, 858 P.2d 1054 (1993)). Although various court rules allow for the imposition of sanctions, the superior court also has "inherent equitable powers to manage its own proceedings" which justify imposition of sanctions. *Id.* at 211. The inherent power to impose sanctions comes from the superior court's "inherent authority to control and manage their calendars, proceedings, and parties." *See Id.*

Here, the superior court exercised its inherent authority by choosing to not impose sanctions as a condition of granting the motion to set aside the default judgment. Because the decision of whether or not to do so was based on the superior court's inherent authority to control its own calendar, proceedings, and parties, we cannot say that the superior court abused its discretion by declining to impose sanctions as condition of setting aside the default judgment against Foster Brothers.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Worswick, J.

Cruser, A.C.J.